# First National Bank of Swissvale, Appellant, *v.* Greer.

*Guaranty—Alteration of contract — Signature of corporation —
Attestation by secretary.*

Where three persons guarantee in writing the payment of the
notes of a corporation, provided that the notes shall be executed by
the corporation, signed by its president and attested by its secre-
tary and bear the corporate seal, the guarantors cannot claim that
there was a material alteration of the contract which relieved them
of liability because the secretary did not subscribe the notes on the
face, if it appears that the secretary was present when the notes
were signed by the president, that he affixed the corporate seal, and
subscribed his name as secretary on the back of the note, and that
the company received the proceeds of the notes, and used them in
its business.

Argued May 9, 1916.    Appeal, No. 121, April T., 1916,
by plaintiff, from order of C. P. Butler Co., March T.,
1916, No. 86, entering judgment for defendant n. o. v. in
case of First National Bank of Swissvale v. Thomas H.
Greer, et al.    Before ORLADY, P. J., HENDERSON, KEP-
HART, TREXLER and WILLIAMS, JJ.    Reversed.

Assumpsit on a guaranty of notes.    Before HOLT, P. J.

At the trial it appeared that the defendants agreed to guarantee notes of the Household Manufacturing Company to the amount of $1,500, which might be discounted by the plaintiff.    The notes in controversy were in the following form:

$200.00                              Swissvale, Pa., March 24, 1915.

Three months after date we promise to pay to the order of W. H. Bridenthal, Geo. F. Sherman and H. A. Keen Two Hundred ...................... 00/100 Dollars At The First National Bank.

Without defalcation for value received.

THE HOUSEHOLD MANUFACTURING CO.   (Corporate Seal)

                                                    Household
By Geo. F. Sherman, President.     Manufacturing
Due Ner.                                     Incorporated 1912
                                                    Delaware

(Reverse side.)
Endorse here—
    W. H. BRIDENTHAL
    GEO. F. SHERMAN
    H. A. KEEN, Sec.


EXHIBIT "B"


$500.00                              Swissvale, Pa., April 7, 1913.

Three months after date we promise to pay to the order of Ourselves Five Hundred ...................... 00/100 Dollars At The First National Bank.

Without defalcation for value received.

                                            (Corporate Seal)
HOUSEHOLD MFG. CO.                  Household
        By Geo. F. Sherman, Pres.     Manufacturing
             W. H. Bridenthal.             Company
                                            Incorporated 1912
    Due, R. Null.                          Delaware

211, (1916).]          Charge of Court below.

(Reverse side.)

Endorse here—

HOUSEHOLD MANUFACTURING CO.,

    GEO. F. SHERMAN, Pres.

    W. H. BRIDENTHAL, Treas.

    H. A. KEEN, Sec.


The court charged in part as follows:

The defendants, gentlemen, who guaranteed to pay the notes, or such obligations as are mentioned in the contract of guaranty, take the position that these notes were not executed in accordance with the terms written in his contract of guaranty, for you will notice that this contract of guaranty provides that any such notes "shall be executed by the said Household Manufacturing Company, signed by its president and attested by its secretary and bear the corporate seal of the said corporation." Now, gentlemen of the jury, each of these notes is signed by the Household Manufacturing Company, by its president, George F. Sherman, and each note also bears the corporate seal of the Household Manufacturing Company, and the important matter for consideration in this case is whether or not these notes were attested by the secretary within the meaning of this expression in the contract of guaranty which I read to you. H. A. Keen, the secretary of the Household Manufacturing Company, testified in this case as a witness and he says that he was present when each of these notes was executed by the Household Manufacturing Company, by its president, George F. Sherman, and that he saw George F. Sherman, the president of the Household Manufacturing Company, sign each one of these notes, and he has also testified, I believe, or someone else in the case—you will recall whether it was Keen or someone else—that the execution of these notes had been ·authorized by the Household Manufacturing Company, and H. A. Keen has testified that he, as secretary of the company, appended the corporate seal of the Household

Manufacturing Company to each one of these notes by his own hand and that he also signed each note on the back thereof as secretary of the Household Manufacturing Company as its secretary for the purpose of attesting the execution of these notes. Now, gentlemen of the jury, the evidence in this case is uncontradicted that the secretary was present and did see each of these notes signed by George F. Sherman, the president of the Household Manufacturing Company, and that he, H. A. Keen, acting as secretary of the company, did append the corporate seal of the Household Manufacturing Company to each of these notes, and that when he signed each note on the back thereof he signed as secretary in attestation of the execution of the notes. Where he signs on each note is under the words "Endorse here," and in one of these notes, the two hundred dollar note, he is named as a payee. It is also undisputed, gentlemen of the jury, that the First National Bank of Swissvale, Pa., the plaintiff in this case, furnished the money represented by these notes to the Household Manufacturing Company and that the Household Manufacturing Company got the benefit of the proceeds of these notes and used the same in its business. Now, gentlemen of the jury, we say to you that, inasmuch as the testimony is not disputed that H. A. Keen was present when these notes where executed, saw them executed by the president of the Household Manufacturing Company and as secretary appended the seal thereto, when he signed he signed for the purpose of attesting the execution of these notes. The mere fact that he has signed under the words on the back of each note "Endorse here" would be an immaterial matter in the case, and there being no dispute, gentlemen, as to the facts in the case we say to you that in the opinion of the court these notes were substantially executed in compliance with the terms of the guaranty as to the execution by the president, the appending of the corporate seal and the attestation of the secretary, inasmuch as he has testified that he was present, saw them

executed, appended the seal and signed his name on the back thereof as secretary for the purpose of attesting the fact of the execution of the notes. We, therefore, gentlemen of the jury, give binding instructions to you to return a verdict in this case in favor of the plaintiff for the amount represented by these two notes, with interest on the amount of each note from the time that it became due according to the terms of the note.

Verdict for plaintiff for $736. Subsequently the court directed judgment to be entered for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*B. R. Williams,* with him *J. A. Nugent,* for appellant.—The terms of the contract as to attestation were complied with: Swift v. Wiley, 40 Ky. 114; Downie's Will, 42 Wis. 76; Birmingham Iron Foundry v. Regnery, 33 Pa. Superior Ct. 54; Chatham Nat. Bank v. Gardner, 31 Pa. Superior Ct. 135.

*W. H. Martin,* with him *Stephen Cummings,* for appellees.—We submit that the execution of the notes without the attestation of the secretary was not in compliance with the terms of the contract of guarantee upon which they had a right to stand, was a variation thereof and discharges the defendants as guarantors: Miller v. Stewart, 9 Wheat 680; Belloni v. Freeborn, 63 New York 388; Nesbitt v. Turner, 155 Pa. 429; Austin Mfg. Co. v. Duerr, 19 Pa. Superior Ct. 560; Bauschard Co. v. Fidelity Co., 21 Pa. Superior Ct. 370; Bensinger v. Wren, 100 Pa. 500; American Telegraph Co. v. Lennig, 139 Pa. 594.

OPINION BY WILLIAMS, J., July 18, 1916:

The defendants, for a consideration, entered into a written contract to guarantee to the plaintiff to the amount of fifteen hundred dollars, all notes of the House-

hold Mfg. Co. discounted by it.    The clause in the agreement about which this dispute arises is as follows : "Provided, however, that the said notes, obligations or evidences of indebtedness may be taken in such form as the said First National Bank of Swissvale, Pennsylvania, its successors or assigns may require, but shall be executed by the said Household Manufacturing Company, signed by its president and attested by its secretary and bear the corporate seal of the said corporation."

One of the two notes in suit, for $200, was made payable to three persons, the evidence being that they were respectively the treasurer, president and secretary of the corporation.    The note was signed "The Household Manufacturing Co., by Geo. F. Sherman, President," had the corporate seal affixed and was endorsed by the three payees.    H. A. Keen added to his endorsement the abbreviation "Sec."    The other note, for $500, was made payable to "ourselves" and signed "Household Manufacturing Co., by George F. Sherman, Pres., W. H. Bridenthal"; the corporate seal was affixed and it was endorsed as follows : "Household Mfg. Co., W. H. Bridenthal, H. A. Keen, Secy."    The corporation received the proceeds of the notes and used them in its business but did not pay them at maturity.

The sole question in the case is as to whether the defendants are liable under their agreement.    They contend that they are not, because the notes were not executed in strict conformity with the terms of their guaranty, in that the signature of the president of the company was not attested by the secretary.

The evidence at the trial was that Sherman was the president, Bridenthal the treasurer, and Keen, the secretary of the Household Mfg. Co.; that Keen, the secretary, was present as such when the notes were executed by the president of the company and the corporate seal affixed.

It may be conceded that an alteration of the contract by the principal without the consent of the surety is fatal

to its validity as against the surety, but the alteration must be in some way material. A material alteration is defined by the Negotiable Instrument Act of May 16, 1901, P. L. 194, Sec. 125, as follows: "Any alteration which changes: The date, the sum payable either for principal or interest; the time or place of payment; the number or the relation of the parties; or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

The intent and meaning of the agreement of the defendants was that the Household Mfg. Co. should receive credit at the plaintiff bank. It seems also that they were trying to provide for the company's notes and did not intend to include the notes of the individuals, Sherman, Bridenthal and Keen, from whom they had received the consideration for their contract to guarantee. Clearly there has been no change affecting their contractual rights and liabilities. The form of the evidence of indebtedness was to be such as the bank would require. It was the note, obligation or evidence of indebtedness of the Household Mfg. Co. that was guaranteed. These notes were signed by the company, by its president and had the corporate seal affixed. Without more the company would be liable. This, however, was followed by proof that the company got the proceeds and that they were used in the company's business. It was followed by the testimony of Keen, the secretary, who wrote his name on the back of each note as such officer, that he was present when the notes were executed, saw the president sign his name, saw the corporate seal affixed and signed his name to attest that fact. We conclude, therefore, that as there was no alteration which affected the liability of the guarantors in the slightest degree, the cases cited by the appellee do not apply, as they were all cases in which a material alteration had been made.

The judgment is reversed, and it is directed that judgment be entered on the verdict for the plaintiff below.