Phil & H. Quinto, Inc. *v.* Stein, Appellant.

Argued April 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Wm. Glassman,* for appellant.

*E. H. Beshlin,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

This is an action in assumpsit against E. L. Stein, upon a written guarantee to recover for goods sold and delivered by plaintiff, Phil & H. Quinto, Inc. to "Stein's Shop, Erie, Pennsylvania." The guarantee is in the form following: "To: Phil & H. Quinto, Inc., 1359 Broadway, New York City. In consideration of the sum of one dollar to us in hand paid by you, the receipt of which is hereby acknowledged, and in further consideration of your having at my request consented to sell goods to Stein's Shop of Erie, Pa., I hereby guarantee to you the payment of such sum or sums of money, as may at any time or times hereafter become due to you from him, the said Stein's Shop, in respect of goods sold, and you are to be at liberty to give him at any time and from time to time, such extension of credit as you may think proper, but our liability is not to exceed five hundred dollars ($500.00) for which sum this shall be a continuing guarantee. This agreement is to be in full force and effect until revoked by me by a written notice delivered to you, and I hereby expressly waive any notice to me of the sale of any goods made under this guarantee, and also waive any demand for payment thereof upon the purchaser, and do further agree to pay for the said merchandise in the amount not exceeding five hundred ($500.00) dollars, in the same manner as though the said merchandise was originally sold and delivered to me. Dated, New York, February 20, 1931. (signed) E. L. Stein. In presence of: M. A. Scully."

J. B. Stein, a brother of the defendant, was the owner of the business known as "The Stein Shop of Erie," and for whom the guarantee was given. The business at the time of the execution of the guaranty was conducted at No. 1008 State Street, Erie, and consisted of the sale of ladies' coats and dresses.

After the receipt of defendant's guarantee, plaintiff sold and delivered between March 2, 1931 and April 4, 1932, goods to the amount of $1,022.75, on which there was paid on account, $829, leaving an unpaid balance of $193.75, for the recovery of which this suit was brought.

J. B. Stein, in January 1932, closed out his business at No. 1008 State Street, but resumed in the same line about the middle of April in the same year, at No. 111 West Tenth Street, Erie, about three blocks from State Street, under the name of "The Emily Shoppe." He did not register in the Office of the Secretary of the Commonwealth under the Fictitious Names Act that he was doing business as "The Emily Shoppe," until August 22, 1932.

On April 4, 1932, plaintiff sold to J. B. Stein, goods to the amount of $243.75. Those goods, according to the latter's admission on cross-examination were addressed to "The Stein Shop." He claimed that on or about April 1, 1932, he called at the office of plaintiff company in New York City, and informed their credit man that he had sold out his business at the former location and was opening a little shop on a side street in the same city, and that he did not want any goods charged to his brother; that the invoice of April 4 was sold him on his individual credit, and not on the faith of the guarantee referred to.

On behalf of plaintiff, depositions of their credit man, and two other witnesses, were offered in evidence, to the effect that the goods embraced in the invoice of April 4, 1932, amounting to $245.75, were sold on the faith of the guarantee and not on the individual credit of J. B. Stein. The guarantee had at no time been revoked, either by oral or written notice. On July 8, 1932, J. B. Stein made payment on account by check in the sum of $50.

The court refused a request, ex parte defendant, for binding instructions and submitted the case with instructions to decide whether the goods in controversy were sold and delivered on the personal responsibility of J. B. Stein, and whether the guarantee signed by E. L. Stein was in force at the time of the purchase of said goods. The jury rendered a verdict in favor of plaintiffs for $228.63, the amount of the claim with interest. A motion for judgment n. o. v. was overruled in an opinion by ARIRD, P. J., and judgment entered on the verdict. From that judgment, this appeal was taken.

The court construed the written agreement as a continuing guarantee for goods furnished to J. B. Stein. The word "him" where used therein, necessarily refers to J. B. Stein. The language "you are at liberty to give him at any time, and from time to time, such extension of credit as you may think proper, but not to exceed five hundred dollars ($500.00) for which sum this shall be a continuing guarantee," leaves no room for doubt. No notice of revocation was ever given, and the guarantee was in full force and effect when the goods in controversy were sold and delivered. On cross-examination, J. B. Stein was asked: "Q. Why did you accept the package of goods addressed to the Stein's Shop when you were doing business as 'The Emily Shoppe'? A. Because it was addressed at 111 West Tenth Street and my name is Stein and I accepted them, and I knew I bought goods from these people." The Stein's Shop was a fictitious name assumed by J. B. Stein under which he did business. Any credit extended to Stein's Shop was actually, therefore, extended to J. B. Stein.

Quoting from 28 C. J. 997, par. 156: " . . . . . . By the weight of authority, however, the changes must be of a material and substantial character in order to release the guarantor, and if the change or alteration is im-

material and without prejudice to the guarantor's rights, he is not discharged thereby ......" This principle is recognized in *First National Bank of Swissvale v. Greer,* 64 Pa. Superior Ct. 211. We do not think that the change of location in itself, under the terms of the guarantee and the undisputed facts, constituted such a material change as to relieve the guarantor.

The assignments of error are overruled and judgment affirmed.